JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Eduardo Alicea ("Alicea"), appeals the trial court's decision granting summary judgment to appellee, American Alliance Insurance Company ("American"), thus denying Alicea's claims pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co.85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116 for injuries he suffered in an accident in December 1992 .
 {¶ 2} In December 1992, while Alicea and others pushed Elizabeth Irizarry's car, which ran out of gas, to a nearby gas station, Michael Cocita, another motorist, struck Alicea and injured his leg. Although Alicea was employed by Arrow International Company, it is undisputed that, at the time of the accident, Alicea was not acting in the course and scope of his employment and instead was on a personal matter. Because Alicea was not acting within the course or scope of his employment at the time the accident occurred, Alicea cannot maintain aScott-Pontzer action. See Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 61, 797 N.E.2d 1256 (" we hereby limit Scott-Pontzer v. Liberty Mut. Fire Ins. Co. to apply only where an employee is within the course and scope of employment.") Based on the Ohio Supreme Court's decision inWestfield Ins. Co., we need not address the arguments raised in Alicea's appeal, nor in American's cross-appeal. Thus, the trial court's decision granting summary judgment in favor of American is affirmed.
 {¶ 3} The judgment is affirmed.
Judgment affirmed.
Cooney and Rocco, JJ., concur.
It is ordered that defendants-appellees/cross-appellants recover of plaintiff-appellant/cross-appellee their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.